Kaba v. Holder

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

<u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of April, two thousand fifteen.

PRESENT:
   JOHN M. WALKER, JR.,
   GUIDO CALABRESI,
   REENA RAGGI,
      *Circuit Judges.*

_____

Mohamed Jean Aboulaye Kaba,
AKA Charlie,

   *Petitioner,*

   v.                                                    14-1100

Eric H. Holder, Jr., United States
Attorney General,

   *Respondent.*

_____

FOR PETITIONER:       Mohamed Jean Aboulaye Kaba, *pro se*, New York, New York.

**FOR RESPONDENT:**  Joyce R. Branda, Acting Assistant Attorney General; Julie M. Iversen, Senior Litigation Counsel; Robert Michael Stalzer, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Mohamed Jean Aboulaye Kaba, a native and citizen of the Ivory Coast, seeks review of a March 13, 2014 decision of the BIA, affirming a September 27, 2012 decision of Immigration Judge ("IJ") Helen Sichel, which denied Kaba's applications for adjustment of status and voluntary departure. *See In re Mohamed Jean Aboulaye Kaba*, No. A098 049 368 (B.I.A. Mar. 13, 2014), *aff'g* No. A098 049 368 (Immig. Ct. N.Y.C. Sept. 27, 2012). Under the circumstances of this case, we review the IJ's opinion as modified by the BIA, *see Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005), applying well established standards of review, *see* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008). In doing so, we assume the parties' familiarity with the

underlying facts, the procedural history of the case, and the issues on appeal.

For applications like Kaba's, governed by the REAL ID Act, the agency may, "[c]onsidering the totality of the circumstances . . . base a credibility determination on the demeanor, candor, or responsiveness of the applicant or witness, the inherent plausibility of the applicant's or witness's account," and inconsistencies in an applicant's statements, and other record evidence "without regard to whether" they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *see Xiu Xia Lin v. Mukasey*, 534 F.3d at 163-64. We "defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d at 167.

The IJ reasonably relied on implausible aspects of Kaba's testimony in finding him not credible. In making a finding that an applicant's claim is inherently implausible, an IJ is not required to "explain in precise detail what made each identified act implausible." *See Wensheng Yan v. Mukasey*, 509 F.3d 63, 67 (2d Cir. 2007). Rather, if "the reasons for [the IJ's]

incredulity are evident," the implausibility finding is supported by substantial evidence. *Id.* We have recognized that the point at which an implausibility finding "ceases to be sustainable as reasonable and, instead, is justifiably labeled 'speculation,' in the absence of an IJ's adequate explanation, cannot be located with precision." *Ming Xia Chen v. BIA*, 435 F.3d 141, 145 (2d Cir. 2006). Nevertheless, while "bald" speculation is an impermissible basis for an adverse credibility finding, "[t]he speculation that inheres in inference is not 'bald' if the inference is made available to the factfinder by record facts, or even a single fact, viewed in the light of common sense and ordinary experience." *Siewe v. Gonzales*, 480 F.3d 160, 168-69 (2d Cir. 2007). Accordingly, so long as an IJ's finding is "tethered to record evidence, and there is nothing else in the record from which a firm conviction of error could properly be derived," we will not disturb the inherent implausibility finding. *Wensheng Yan v. Mukasey*, 509 F.3d at 67; *see also Siewe v. Gonzales*, 480 F.3d at 169. In reviewing an adverse credibility determination based on an applicant's implausible testimony, "we review the entire record, not whether each unusual or implausible feature of the account can be explained or rationalized." *Ying Li v. Bureau*

4

*of Citizenship and Immigration Servs.*, 529 F.3d 79, 80 (2d Cir. 2008).

Here, Kaba testified that he lived with his girlfriend for two years and had two children with her, but did not know her immigration status at any time. He also testified that he had impersonated her to find employment four separate times prior to his employment at the bakery. The IJ reasonably relied on this testimony to find it implausible that Kaba would not know (1) his girlfriend's immigration status or (2) that the forms he submitted to the bakery falsely indicated that his girlfriend was a U.S. citizen. This reasoning was not unduly speculative, and it is supported by testimony in the record. *See Siewe v. Gonzales*, 480 F.3d at 168-169 (holding that speculation is not "bald" if based on facts in record viewed in light of common sense).

The IJ also reasonably relied on inconsistencies between Kaba's testimony and the testimony of the bakery's owner. Kaba testified that he went to the bakery to speak to a manager, and that the manager completed his employment application for him. The owner, however, testified that the store had no manager, that he interviewed Kaba, and that no employee ever filled out paperwork for job applicants. Kaba provided no explanation for

these discrepancies at his hearing.  Accordingly, we identify no basis to disturb the agency's adverse credibility determination.

This adverse finding disposes of Kaba's argument that he is eligible for adjustment of status.  Even if we could reach his argument that the Immigration and Nationality Act ("INA") requires that a false claim to citizenship be willful, Kaba's willfulness is supported by the IJ's finding that Kaba was not credible in denying knowledge of the false claim.  *See Rodriguez v. Gonzales*, 451 F.3d 60, 65 (2d Cir. 2006) (recognizing that false denial of knowledge can support willfulness).

Kaba also argues that the IJ denied him due process. Kaba, however, failed to raise this issue before the BIA.  *See Foster v. INS*, 376 F.3d 75, 78 (2d Cir. 2004) (holding that petitioner must "raise issues to the BIA in order to preserve them for judicial review" (emphasis omitted)).  Accordingly, we decline to consider this argument.

Finally, Kaba argues that the agency's denial of voluntary departure was arbitrary.  We lack jurisdiction, however, to review Kaba's challenge to the IJ's discretionary balancing of the equities.  *See* 8 U.S.C. §§ 1229c(f), 1252(a)(2)(D).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court